UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GUS GEERLIGS, | ) | NO. CV 10-8242-DDP (AGR) |
| Petitioner, | ) | |
| v. | ) | ORDER TO SHOW CAUSE WHY PETITION IS NOT BARRED BY STATUTE OF LIMITATIONS |
| JAMES WALKER, Warden, | ) | |
| Respondent. | ) | |

On November 1, 2010, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. For the reasons discussed below, it appears that the one-year statute of limitations has expired.

The Court, therefore, orders Petitioner to show cause, on or before ***December 2, 2010***, why this Court should not recommend dismissal with prejudice based on expiration of the one-year statute of limitations.

///

///

///

# I.

## PROCEDURAL BACKGROUND

On June 28, 1995, Petitioner was sentenced to 25 years to life under California's Three Strikes Law after being convicted by a jury of petty theft with a prior. (Petition at 2.) On October 9, 1996, the California Court of Appeal affirmed the judgment. (*Id.*; *People v. Geerligs*, Case No. B09528, Exh. D to Petition.) On January 28, 1997, the California Supreme Court denied the petition for review. (Petition at 3); *People v. Geerligs*, Case No. S057368, 1997 Cal. LEXIS 550 (1997).

On or about December 12, 2007, Petitioner filed a petition for writ of habeas corpus and writ or error coram nobis. (Exh. J at 1-2 to Petition.) On January 4, 2008, the Superior Court denied the petition. (*Id.* at 4-6.)

On April 1, 2008, Petitioner filed a state habeas petition in the California Court of Appeal. (Petition at 4.) On April 17, 2008, the California Court of Appeal denied the petition. (Exh. K to Petition.)

On May 21, 2008, Petitioner mailed a state habeas petition before the California Supreme Court. (Petition at 4.) On October 22, 2009, the California Supreme Court denied the petition. *In re Gus Geerligs*, 2009 Cal. LEXIS 11177 (2009).

On October 17, 2010, Petitioner signed the Petition before this court. (Petition at 8.) Petitioner asserts five grounds: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; (3) ex post facto; (4) due process; and (5) equal protection. (Petition at 5-6.)

# II.

## STATUTE OF LIMITATIONS

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA

in reviewing the petition.  *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1).  The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

### A.     The Date on Which Conviction Became Final

The California Supreme Court denied the petition for review on January 28, 1997.  (Petition at 3); *People v. Geerligs*, Case No. S057368, 1997 Cal. LEXIS 550 (1997).  His conviction became final ninety days later, on April 28, 1997. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).  Petitioner signed his federal habeas petition on October 17, 2010, over 13 years later.  (Petition at 8.) The Petition is time-barred unless the statute of limitations was tolled.

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).  However, the statute of limitations is not tolled during the interval between the time a conviction becomes final on direct review and the time the first state habeas petition is filed because there is no case "pending" during that interval.   *Thorson v. Palmer,* 479 F.3d 643, 646 (9th Cir. 2007).

Petitioner's first state habeas petition was filed on December 12, 2007, over 10 years after the statute of limitations had expired.  A state habeas petition filed after the limitations period has expired does not toll or revive the expired limitations period.  *Welch v. Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003).

### B.     Equitable Tolling

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida,* 130 S. Ct. 2549, 2554, 177 L. Ed 2d 130

3

(2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). "The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Id.* at 2565 (citations and internal quotation marks omitted). As to the second prong, "[e]quitable tolling is typically granted when litigants are unable to file timely petitions as a result of external circumstances beyond their direct control." *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008). On the other hand, "[e]quitable tolling is typically denied in cases where a litigant's own mistake clearly contributed to his predicament." *Id.* "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).

The Petition does not disclose any basis for equitable tolling.

## C.  Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)

In the context of an ineffective assistance claim, the statute of limitations starts to run on the date a petitioner discovered (or could have discovered) the factual predicate for a claim that his counsel's performance was deficient, or on the date a petitioner discovered (or could have discovered) the factual predicate for prejudice, whichever is later. *See Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001). Therefore, the statute of limitations begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

"'Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.'" *Hasan*, 254 F.3d at 1154 n.3.

4

Petitioner has not identified any factual predicates that he discovered after the date his conviction became final. Petitioner's grounds refer to the attached memorandum of points and authorities. (Petition at 5-6.) Petitioner relies exclusively on facts developed during the plea hearing and appellate proceedings. (Attachment to State Habeas Petition Before California Supreme Court.) Therefore, the Petition appears barred by the statute of limitations.

## III.

## ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before **December 2, 2010**, Petitioner shall show cause, if there be any, why this Court should not recommend dismissal with prejudice of the Petition based on expiration of the one-year statute of limitations. Petitioner's response must explain why the Petition is not barred by the statute of limitations.

***Petitioner is also advised that if he fails to timely respond to this Order to Show Cause, the Magistrate Judge will recommend that the District Court dismiss the Petition, with prejudice, based on expiration of the one-year statute of limitations.***

DATED: November 3, 2010

_____
ALICIA G. ROSENBERG
United States Magistrate Judge